The next case today is Miguel Gonzales-Lopez v. State Industrial Products Corp. et al. Appeal number 191439. Attorney Paula. Good afternoon. May I please the court? This is Carlos Paula on behalf of the appellant. I would like to please ask to reserve two minutes for rebuttal purposes at the end. Yes, you may have it. Thank you, Your Honor. So, as a quick road map to our argument, I just want to point first the issues that we want to address. First, we want to address the direct evidence that was presented to the court showing that the continuing violation doctrine is applicable to this case, but the court failed to apply the same and opted for applying the discrete act test. So, second, we want to talk about a few cases that were cited by the district court with complete disregard of the difference between the facts of this case and the facts of those cases. Those cases cited by the district court are completely distinguishable from the facts of this case. Counsel, if I might, just to help us focus the argument a little bit, my understanding is that the EEOC charge in this case was filed on December 21, 2015, and so the opposition takes the position that any allegedly discriminatory act that took place prior to February 24, 2015, I guess going back 300 days, that would be barred. I know you question that, but it the time frame that the appellee is focusing on, what are the discriminatory acts that you are relying on to establish your age discrimination claim? Yes, Your Honor. Thank you for your question. I'm a little confused. I think you need to distinguish between those acts which have no statute of limitations or limitation period on the one hand, and then what those acts are before the 300-day period that you are concerned about. That's a helpful clarification. Yes, so if I may, I'll try to address both questions. Responding to Judge Lippa's question first, in June, actually in March 31, 2015, the company, the appellees, issued a new handbook applicable to salespersons. In such handbook, they limited the ability of salespersons that accounts that had been inactive or dormant. For example, if a client purchased products, these are companies that sell maintenance and cleaning products. If a company purchased products for the following six months, and they don't need to purchase any more products for six months, the account executive would lose the account and it would become inactive. This new policy established in March 31, 2015, prevented the account managers from reactivating accounts. That means they could no longer get new clients, new customers. They could not reactivate accounts. Because the previous year, the appellant had not been assigned a territory, a sales territory. He was left out. He could no longer pitch to new customers, because that was one of the policies established in 2014. But the March 2015 amendment to the handbook, as I understand it, did not distinguish on sales personnel who had assigned territories and those who did not. And so, since the question was what were the adverse employment actions, I wonder how that can be classified as an adverse employment action based on age. Yes, Your Honor. The evidence we presented showed a policy and practice of the appellees to discriminate based on age and a discriminatory animus. This was the last act of the appellees to exert additional pressure on the appellant to finally resign, because the previous year, they established sales territories. Even though they had 20 account managers and they had 17 territories, they assigned 10 of them and left seven vacant, because they wanted to There is abundant evidence on the record of all the discriminatory acts that occurred in the last three to four years, and it was a pattern and policy. And this was the last act, even though on its face, clearly, it doesn't say that it applies to older people or to younger people, but it was a pattern and practice, a policy, which is what the case law particularly established. So that your claim based on this incident, as I understand it, depends upon whether you properly pleaded, argued, and supported a pattern and practice claim. I didn't read your complaint to state any such claim, and I don't recall in your briefing to the district court on the summary judgment motion, that you oppose summary judgment based on a pattern and practice theory. Yes, in the both in the complaint and in the appeal, in the appellate brief, we presented evidence and pointed to the fact of the direct evidence presented concerning the practice and policy. We the testimony of one of the vice president, Daniel Hearst, testifying about the fact that the president was present. I'm at council. You're referring to evidence. I looked at the record as well as Judge Celia. There is no pattern or practice claim asserted in the complaint. You did not make that claim to the district court, nor in your first brief to us did you assert such a claim. Your opponent's brief then said, if it was your intention to have asserted such a claim, you have waived it because it wasn't presented and it wasn't argued in your first brief. It is only in your reply brief that for the first time the federal courts hear that you are now in your reply brief recharacterizing your claims as a pattern or practice claim. You have to assert claims. You cannot say, oh well, the evidence would support a claim, but I should be excused from never having asserted such a claim. You did assert a disparate impact claim and that claim was in fact rejected by the district court. Your Honor, our position is that when we presented, when the court issued its order, its resolution on order, it discarded much of the evidence presented by the appellant and it went through the route of the discreet acts test, but all the evidence presented in opposition to summary judgment required the district court to rule not under the discreet acts test but under the continuing violation doctrine. There were many issues of fact that were simply considered as inexistent because the court disregarded the evidence presented. Okay. Those are different arguments that in fact you could have gotten to a jury but for an error by the district court in assessing the evidence, at least as to the timely claims. Correct? I do think your time is up, but we'll give you another minute. Do you want to sum up? Yes. We understand that all the evidence of discriminatory acts that was presented by the appellants is really not time barred because all the evidence presented in opposition to summary judgment did not actually demonstrate that there was a policy and practice of discrimination. There is direct evidence of two vice presses that was presented by the appellant in the opposition to summary judgment. Okay. You've used your time. Thank you. Thank you, Attorney Paula. If you could mute your audio and video and Attorney Rex Hatch, if you could mute your audio and video. Thank you. Central to plaintiff's complaint and the event from which most every allegation stems is the implementation of the AST program and the assignment of territories which occurred on April 1, 2014. In addition to that was the implementation of the handbook related to that AST program. Then there's two other claims that plaintiff advanced regarding applying to two supervisory positions in 2011 and before 2014. Finally, some issues relating to changes to a holiday pay policy in And the issue in this case is that plaintiff uses a lot of terminology regarding pattern and practice or policies. And as counsel just did in his argument, the discrete act test or the direct evidence continuing violation test. And that simply does not jive with the Supreme Court holding in the case of Passenger Corp versus Morgan regarding discrete acts. And it seems that plaintiff continues to try to use the wording of a plan or a scheme or even the context, the concept of misusing the concept of pattern and practice to try to get around Morgan. The fact is that as to these four claims, they were discrete acts. They are clearly discrete acts under the holding of Morgan and plaintiff cannot simply use a different label to get around it. Counsel, let's see if we can move this argument along. As you gathered from our questioning of your argument, the record seems to indicate that no policy, a pattern and practice claim was ever squarely advanced and properly developed in the district court. So let's leave that to one side. That leaves the plaintiff's view should have been considered under the continuing violation theory. Now I suspect you have a response to that. I'd like to hear it. Yes. All those four events, their discriminatory effect was evident to the plaintiff at that time. That is the Crowley versus L.L. Bean, that it substituted its previous precedents, which distinguish between systemic and serial violations. So these are discrete acts. Each one was, its effect was evident to the plaintiff at the time it occurred. When he was not assigned an AST program to the AST program, who was not assigned a territory, should have been, it was evident to him that that was a discriminatory conduct in itself, as opposed to, for example, a hostile work environment where you would need different kinds of events to bring the plaintiff into the understanding that there was a violation and that there is an actionable claim. Because on their own, they're insufficient to constitute discrimination. But these are discrete acts. And so therefore, you're saying that under Morgan, the continuing violation doctrine is inappropriate. Doesn't apply. Yes. Is that correct? That the plaintiff has not made out a continuing violation case because they were clear discrete acts and the effects of evident to him at the time. And so he should have acted on them when they occurred and he cannot string them together. That is your argument. That is correct. And he cannot then use subsequent acts, which occurred within the statutory period after February 2015, to save those ones and present them under the label. OK, so let's let's look at the timely claims he asserts. Why was, in your view, the district court correct in entering summary judgment and saying you simply have not made out a case of discrimination? Yes, Your Honor. Basically, those are two minutes remaining that relates to the 2015 handbook and the changes to the open bucket policy that counsel referenced with the fact that he could not reactivate accounts that he had already lost. And the district court held in its opinion that that could ostensibly be an adverse action under the disparate stated was that there is no relationship to age because those changes to the 2015 handbook applied to everybody and the distinctions that they made as to the ability to open reactivate accounts related to them being AST holders or not. It was not a distinction based on age. And in fact, while plaintiff continues to state that there were a lot of people over 40 who didn't get the territories, the fact is that there were over 40 AST holders. So the distinction made by the 2015 handbook was not based on age. It was based on whether the employee had or did not have a territory. And that's not a protected category. So there's no evidence to suggest that it was at all any kind of substitute for age. The other claim is the constructive discharge claim. And the district court focused on the fact that plaintiff had not carried his burden of proving circumstances so egregious that they would not have given him an alternative to terminate, to simply resigning. So those are the only two claims that were not time barred and they were dismissed appropriately by the court. If I may briefly address plaintiff's contentious regarding direct evidence, and I think, again, there is a misunderstanding of what that means as per the case law. Plaintiff correctly frames the standard in his brief and cites two relevant precedents, which says direct evidence normally contemplates only those statements by a decision maker that directly reflect the alleged animals and bears squarely on the contested employment decision. However, when you look at his brief, he, at page 27, lists a number of allegations which he advances constitute direct evidence. And when you look at that list, basically he's rehashing all his time barred claims because he includes the failure to promote him, the failure to assign him an AST as evidence, as direct evidence of discrimination. And that simply is not correct. Direct evidence for those two decisions, the 2015 handbook and the constructive termination, is lacking. Plaintiff merely made reference to some comments made by supervisors that they complained a lot, that he cried too much, or that people in Puerto Rico complained too much. There is no relationship to either the 2015 handbook or to the termination that would suggest that those two comments were related to those actionable claims. Okay. Anything else? Unless the court has some questions for me, I will rest in the briefs. Fine. Fine. Thank you. Could I have my two minutes for rebuttal? Yes. You're not being cut off. We are going to hear your two minutes of rebuttal. Okay. Go ahead. Thank you, Your Honor. Thank you. In response to Sister Counsel's arguments, I just want to briefly mention a few points. The case of Maldonado Catala v. Municipio de Naranjito, it's a case from this Honorable Circuit 2017 case, which addressed specifically the continuing In this case, the court held, the plaintiff may obtain recovery for discriminatory acts that otherwise would be time barred so long as a related act, one related act, fell within the limitations period. When we look at then the case of Toro Goldberg, a 2019 case, this is a New Hampshire case, but it addresses what means to be related, what is an act that is related. And he said, to be related, the more recent act must be part of the same discriminatory course of conduct, such as hostile work environment, not a discreet or disconnected, isolated act of discrimination. When we look at the evidence presented by the appellant, he was failed to be promoted because he was too old. He was expressly told he was too old. Younger sales representatives were given books of clients and customers, of prospective clients, and the older, the people without an assigned sales territory were not given those books. There were more benefits for those younger people because they received a base salary. He did not receive a base salary. There's a whole list of discriminatory acts showing a policy, a practice, and then you have these two vice presidents saying, the president of the company, Hal Ehrman, specifically told me he did not want to hire anybody over 40 years old for sales because if you had not accomplished something by the age of 40, you were not going to accomplish anything in the future. And then his son steps over in the company, as President Seth, and there is evidence presented to the district court saying specifically that Seth specifically said that he did not want to hire anyone above 40 for sales. All the evidence presented, the appellant gave more product samples to the younger employees. So when you go to make official sales, they give you... Thank you, counsel. You've made your point. Thank you. Thank you, Your Honor. That concludes arguments for today. This session of the Honorable United States Court of Appeals is now recessed until the next session of the court. God save the United States of America and this honorable court. Counsel, you may disconnect from the meeting.